**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| **LAVONYA JEANETTE MOORE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Cause No. 1:25-cv-00485-ALT** |
| | ) | |
| **COMMISSIONER OF SOCIAL SECURITY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## <u>OPINION AND ORDER</u>

*Pro se* Plaintiff LaVonya Jeanette Moore appeals to the district court from a final decision of the Commissioner of Social Security ("Commissioner") denying her application under the Social Security Act (the "Act") for Disability Insurance Benefits (DIB) and a period of disability. (ECF 1). Moore filed her opening brief on February 25, 2026, and the Commissioner filed a response in opposition on April 8, 2026. (ECF 20, 24). Moore filed her reply on April 15, 2026. (ECF 26). Therefore, the case is ripe for ruling.

In her briefs, Plaintiff does not identify any error in the Administrative Law Judge ("ALJ")'s reasoning or identify any part of the decision that is not supported by substantial evidence or that the ALJ applied the wrong legal standard. As a *pro se* litigant, the Court construes Plaintiff's filings liberally, but she must still present legal arguments as to why she is entitled to relief. *Jennifer N. v. Saul*, No. 3:18-CV-811-JVB, 2020 WL 4333758, at *3 (N.D. Ind. July 28, 2020). Underdeveloped arguments, including those by *pro se* plaintiffs, are considered waived. *Woods v. Colvin*, No. 3:14-CV-02020-CAN, 2015 WL 9076997, at *2 (N.D. Ind. Dec. 16, 2015) (citing *Border v. Crystal Lake*, 75 F.3d 270, 274 (7th Cir. 1996)). *Pro se* plaintiffs must present a legal argument with supporting authority. (*Id.*). "Judges are not required to construct a

party's legal arguments for him." *Woods*, 2015 WL 9076997, at *2 (citation and quotation marks omitted).

In this case, Plaintiff advances no legal arguments. There is a section where Plaintiff lists various legal principles and uses buzzwords such as venue and summary judgment, but she advances no argument nor applies any legal concept to the facts at hand. (*See* ECF 26 at 8-9). She claims the Social Security Administration can reopen a case at any time and reverse the decision, which is of course untrue. (*Id*.). In all her pages of filings submitted to the Court, Plaintiff does not argue that the ALJ's decision is not supported by substantial evidence or that the ALJ applied the wrong legal standard. The Court must affirm the Commissioner's decision.

Plaintiff again asks for a "secret settlement" (ECF 20 at 2-3) and mentions a class action lawsuit that she says she is entitled to money from (ECF 26 at 4). As stated in this Court's prior orders, the Court will not involve itself in any alleged settlement. (ECF 19, 22). As to the class action lawsuit, this is irrelevant to this social security appeal, as Plaintiff was informed in a prior order. (ECF 19).

For the foregoing reasons, the Commissioner's decision is AFFIRMED. The Clerk is DIRECTED to enter a judgment in favor of the Commissioner and against Moore.

SO ORDERED.

Entered this 20th day of May 2026.

/s/ Andrew L. Teel
Andrew L. Teel
United States Magistrate Judge