**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | |
|---|---|
| **LAVONYA JEANETTE MOORE,** | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **COMMISSIONER OF SOCIAL SECURITY,** | )  **Cause No. 1:25-cv-00485-ALT** |
| | ) |
| **Defendant.** | ) |
| | ) |

**<u>OPINION AND ORDER</u>**

In this social security appeal, on May 20, 2026, this Court entered an opinion and order affirming the Commissioner's decision. (ECF 27, 28). On July 16, 2026, *pro se* Plaintiff filed a "motion for extension of time to file reconsideration appeal and request for volunteer lawyer or motion for judge to reverse decision for clerical error." (ECF 30).

Plaintiff requests an extension of time to file appeal under Federal Rule of Appellate Procedure 4(a)(5)(A), which allows the district court to extend the time to file a notice of appeal if: "(i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires..." and (ii) the party shows excusable neglect or good cause. Given Defendant is a United States agency, under Federal Rule of Appellate Procedure 4(a)(1)(B), parties have 60 days after the entry of judgment to file a notice of appeal. The Court entered its judgment on May 20, 2026, and thus, Plaintiff's request for extension is timely. (*See* ECF 28). Although Plaintiff does not advance an argument of excusable neglect or good cause, Plaintiff is *pro se* and states she is disabled, and thus the Court will consider the motion liberally and find good cause in this particular case. However, Plaintiff requests no particular length of extension. The Court will give *pro se* Plaintiff, **<u>until August 21, 2026</u>**, to file a notice of appeal if she chooses.

1

With that being said, a plaintiff who was granted to proceed in forma pauperis in district court can be found to not be entitled to proceed in forma pauperis on appeal. *See* 28 U.S.C. 1915(a)(3); Fed. R. App. P. 24(a)(3)(A). Under Federal Rule of Appellate Procedure 24(a)(3)(A), the district court – before or after the notice of appeal is filed – may certify that the appeal is not taken in good faith or find the party is not otherwise entitled to proceed in forma pauperis. To ensure the Court understands Plaintiff's arguments on appeal, the Court will make a good faith determination after Plaintiff files her notice of appeal. "[W]here the appellant was authorized to proceed in forma pauperis in the district court, a district judge … should, before yanking the appellant's IFP status, notify the appellant of the impending change of status and give [her] an opportunity to submit a statement of [her] grounds for appealing." *Celske v. Edwards*, 164 F.3d 396, 398 (7th Cir. 1999). As such, Plaintiff is encouraged to file a statement of her grounds for appeal.

Next, Plaintiff again requests the Court vacate the Commissioner's decision or the final judgment of this Court citing Federal Rules of Civil Procedure 59 and 60. (ECF 30). Under Rule 59(e), a motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment. Given the entry of judgment in this case was May 20, 2026, Plaintiff's request is untimely. (*See* ECF 28). Moving on to Rule 60(a), the court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. Despite that Plaintiff insists she has not received social security benefits due to a clerical error, she has identified no error on the part of the Court or identified a newly discovered oversight or omission. (*See* ECF 30). The Court is well aware of this narrative and it is unpersuasive. Neither is Rule 60(b) applicable. Under Rule 60(b), the court may relieve a party from a final judgment, order, or proceeding due to mistake, inadvertence, or excusable neglect;

newly discovered evidence; and fraud, among other reasons. But to reiterate, Plaintiff has advanced no legal argument and has identified no reason for relief from this Court's final judgment. (*See* ECF 30). Plaintiff's request to vacate the Commissioner's decision or this Court's final judgment is denied.

Lastly, Plaintiff asks for appointment of counsel to pursue her appeal. (ECF 30). Civil litigants do not have a right, either constitutional or statutory, to court-appointed counsel. *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007) (citing *Jackson v. Cnty. of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992)); *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997); *Zarnes v. Rhodes,* 64 F.3d 285, 288 (7th Cir. 1995). However, the courts are empowered to recruit an attorney to represent a plaintiff without charge when she is "unable to afford counsel." 28 U.S.C. § 1915(e)(1). In this case, Plaintiff proceeded *pro se* in district court, and so a request for counsel at the appeals stage should be directed to the Seventh Circuit Court of Appeals. *See Collins v. Phillips*, No. 07-3327, 2009 WL 383439, at *1 (C.D. Ill. Feb. 13, 2009) (forwarding Plaintiff's motion to the Court of Appeals when Plaintiff requested counsel with his notice of appeal). Plaintiff's request for appointment of counsel is denied.[1]

---

[1] Plaintiff has made no attempts to secure counsel, so the request should be denied additionally on this ground. The Seventh Circuit Court of Appeals has instructed that several factors should be weighed by the district court when determining whether recruitment of counsel is warranted including whether the plaintiff has made a reasonable attempt to obtain counsel or been effectively precluded from doing so. *Pruitt*, 503 F.3d at 654-58. This Court requires that a *pro se* plaintiff contact at least three attorneys concerning her case. *See, e.g.*, *Pollard v. Meadows*, No. 1:15-cv-00330-RLM-SLC, 2016 WL 128531, at *1 (N.D. Ind. Jan. 11, 2016). Here, there is no evidence of record showing that Plaintiff has reasonably attempted to secure counsel by contacting at least three attorneys (*see* ECF 30), requiring the request be denied. *See Jackson*, 953 F.2d at 1073 ("If . . . the indigent has made no reasonable attempts to secure counsel (unless circumstances prevented him from doing so), the court should deny any § 1915(d) motions outright."); *see also Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010).

In sum, Plaintiff's motion (ECF 30) is GRANTED in part and DENIED in part. Plaintiff's (1) requested extension of time to file her notice of appeal is GRANTED, and she shall do so, including a statement of her grounds for appeal, on or before **August 21, 2026**; (2) request to vacate the Commissioner's decision or the final judgment of this Court is DENIED; and (3) request for appointment of counsel is DENIED.

SO ORDERED.

Entered this 21st day of July 2026.

/s/ Andrew L. Teel
Andrew L. Teel
United States Magistrate Judge

4